U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 SEP 22 PM 1:57

CLERK
BY ＰＭ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THORNTON K. LILLIE, )
)
    Plaintiff, )
)
v. ) Case No. 5:10-cv-298
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 8, 10 & 12)

    This matter came before the court for a review of the Magistrate Judge's August 16, 2011 Report and Recommendation (R & R) in the above-captioned matter (Doc. 12). Neither party has objected to the R & R, and the deadline for doing so has expired.

    A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

On December 6, 2010, Plaintiff Thornton Lillie brought this action, requesting the court to review and remand the decision of the Commissioner of Social Security (the "Commissioner") which denied Mr. Lillie's application for Social Security Disability Insurance Benefits based upon a finding that Mr. Lillie was not disabled. Thereafter, Mr. Lillie filed a motion to reverse the Commissioner's decision (Doc. 8) and the Commissioner filed a motion to affirm (Doc. 10).

Pursuant to the Social Security Act, a "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In reviewing the Commissioner's decision that Mr. Lillie is not disabled, the court must confine its *de novo* review of the administrative record to a determination of whether there is "substantial evidence" to support the Commissioner's factual findings, and whether the Commissioner applied the correct legal standards in rendering a decision. 42 U.S.C. § 405(g); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It is the Commissioner, and not the court, that resolves evidentiary conflicts and determines credibility. *See Richardson*, 402 U.S. at 399.

In his twenty page R & R, the Magistrate Judge carefully reviewed the factual record and the competing motions and determined that Administrative Law Judge ("ALJ") Debra Boudreau did not err in adjudicating Mr. Lillie's claim. The court agrees with the Magistrate Judge's conclusions.

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R, GRANTS the Commissioner's motion for an order affirming the ALJ's decision (Doc. 10) and DENIES Mr. Lillie's motion to remand and reverse (Doc. 8).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 22nd day of September, 2011.

Christina Reiss, Chief Judge
United States District Court